IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Frank Samaniego, | No. CV 11-0426-PHX-NVW (ECV) |
| Petitioner, | **AMENDED REPORT AND RECOMMENDATION** |
| vs. | |
| Charles L. Ryan, et al., | |
| Respondents. | |

TO THE HONORABLE NEIL V. WAKE, UNITED STATES DISTRICT JUDGE:

**BACKGROUND**

Pending before the court is a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner Frank Samaniego. Doc. 1. Following a jury trial in Maricopa County Superior Court in 2004, Petitioner was found guilty of one count of assault by a prisoner with intent to incite a riot and one count of aggravated assault. Doc. 11, Exh. D, E. On January 4, 2005, Petitioner was sentenced to a mitigated term of 14 years in prison on the riot conviction and a concurrent mitigated term of 4 years on the aggravated assault conviction. Doc. 11, Exh. E. The sentences were ordered to run consecutively to any sentences Petitioner was already serving. Id.

After filing a timely notice of appeal, Petitioner's appointed counsel filed a brief in the Arizona Court of Appeals pursuant to Anders v. California, 386 U.S. 738 (1967). Doc. 11, Exh. F. Petitioner's counsel asserted in the brief that upon searching the record, she

found no arguable questions of law to raise on appeal. Id. Counsel requested that the Court of Appeals review the record for fundamental error and allow Petitioner to file a *pro se* supplemental brief. Id. Petitioner subsequently submitted a supplemental brief and a list of additional issues for appeal. Doc. 11, Exh. G, H at 2. The Arizona Court of Appeals issued a Memorandum Decision on December 15, 2005, in which it denied Petitioner's claims and affirmed his convictions and sentences. Doc. 11, Exh. H. Despite being granted an extension of time to file a petition for review to the Arizona Supreme Court, Petitioner did not file one. Doc. 11, Exh. J, K.

On January 6, 2006, Petitioner filed a Notice of Petition for Post-Conviction Relief.[1] Doc. 11, Exh. L. On April 17, 2006, Petitioner's newly appointed counsel filed a Notice of Completion of Post-Conviction Review by Counsel in which he explained that he was unable to find a viable issue to raise in post-conviction proceedings. Doc. 11, Exh. M. In addition, counsel asked the court to grant Petitioner additional time to submit his own petition. Id. Petitioner then submitted a *pro se* Petition for Post-Conviction Relief on May 26, 2006. Doc. 11, Exh. N. In a Minute Entry filed on August 28, 2006, the trial court summarily dismissed the petition. Doc. 11, Exh. P.

Petitioner checked a box in his habeas petition indicating that he sought review of the dismissal in the Arizona Court of Appeals, though he provides no evidence of that in the exhibits attached to his petition. Doc. 1 at 5. Respondents assert that no petition for review was filed. Doc. 11 at 4. Absent any evidence that Petitioner sought appellate review, other than a checked box in his petition, the court will assume no petition for review was filed.

On September 3, 2009, Petitioner filed a second Notice of Post-Conviction Relief and a Motion for Correction of Error. Doc. 11, Exh. Q, R. In a Minute Entry filed on November

---

[1] Unless otherwise indicated, the filing date for petitions filed by Petitioner from prison will reflect the application of the prison mailbox rule, which provides that a petition is deemed filed on the date it is delivered to prison authorities for mailing. See Jenkins v. Johnson, 330 F.3d 1146, 1149 n.2 (9th Cir. 2003).

3, 2009, the trial court treated the two filings together as a notice of post-conviction relief and dismissed the notice as untimely. Doc. 11, Exh. S.

On February 24, 2011, Petitioner filed his Petition for Writ of Habeas Corpus in this court. Doc. 1. Petitioner alleges four grounds for relief. In ground one, Petitioner alleges that the trial court violated his Fourteenth Amendment right to due process and equal protection when the court denied his request for new counsel and abused its authority during sentencing. In ground two, Petitioner alleges that his trial counsel and direct appeal counsel provided ineffective assistance in violation of the Sixth Amendment. Petitioner alleges in ground three that the trial court violated his Fourteenth Amendment right to due process and equal protection when it failed to award him pre-sentence incarceration credits. Lastly, in ground four, Petitioner contends that the Arizona Court of Appeals violated his Fourteenth Amendment right to due process and equal protection when it provided inadequate reasons for denying relief on direct appeal. Respondents filed an Answer to Petition for Writ of Habeas Corpus on September 9, 2011. Doc. 11. Petitioner then filed a Reply on November 10, 2011. Doc. 14.

**DISCUSSION**

Respondents contend in their answer that the habeas petition should be dismissed because it was not filed within the statute of limitations period. This court's review of the state court record provided by the parties confirms that the habeas petition was filed after the limitations period expired. The court therefore finds that the petition is barred and recommends that the petition be dismissed on that basis.

**A.  Legal Standards**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. See 28 U.S.C. § 2244(d)(1). The statute provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period. 28 U.S.C. § 2244(d)(2); Lott v. Mueller, 304 F.3d 918, 921 (9th Cir. 2002). A post-conviction petition is "clearly pending after it is filed with a state court, but before that court grants or denies the petition." Chavis v. Lemarque, 382 F.3d 921, 925 (9th Cir. 2004). In Arizona, post-conviction review is pending once a *notice* of post-conviction relief is filed even though the petition is not filed until later. Isley v. Arizona Department of Corrections, 383 F.3d 1054, 1056 (9th Cir. 2004).

An application for post-conviction relief is also pending during the intervals between a lower court decision and a review by a higher court. See Biggs v. Duncan, 339 F.3d 1045, 1048 (9th Cir. 2003) (citing Carey v. Saffold, 536 U.S. 214, 223 (2002). However, the time between a first and second application for post-conviction relief is not tolled because no application is "pending" during that period. Biggs, 339 F.3d at 1048; see also King v. Roe, 340 F.3d 821 (9th Cir. 2003) (The petitioner was "not entitled to tolling during the interval between the completion of one round of state collateral review and the commencement of a second round of review."). Moreover, filing a new petition for post-conviction relief does not reinitiate a limitations period that ended before the new petition was filed. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003).

1 | The statute of limitations under AEDPA is subject to equitable tolling in appropriate
2 | cases. Holland v. Florida, 130 S.Ct. 2549, 2560 (2010). However, for equitable tolling to
3 | apply, a petitioner must show "'(1) that he has been pursuing his rights diligently and (2) that
4 | some extraordinary circumstances stood in his way'" and prevented him from filing a timely
5 | petition. Id. at 2562 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).

**B.    Application**

Here, the Arizona Court of Appeals issued its decision denying Petitioner's direct appeal on December 15, 2005. Petitioner then had 30 days to file a petition for review in the Arizona Supreme Court, which he did not do. See Ariz. R. Crim. P. 31.19(a). Thus, under 28 U.S.C. § 2244(d)(1)(A), Petitioner's judgment of conviction became final upon the expiration of the 30-day period for seeking review in the Arizona Supreme Court, which was January 16, 2006 (30th day fell on Saturday, January 14). See Hemmerle v. Schriro, 495 F.3d 1069, 1073-74 (9th Cir. 2007) ("Hemmerle's direct appeal was final upon the expiration of the time for seeking review of the Court of Appeals decision in the Arizona Supreme Court."). Absent any tolling, the statute of limitations period would have started running the following day. Petitioner, however, filed a notice of post-conviction relief on January 6, 2006, thus tolling the limitations period pursuant to 28 U.S.C. § 2244(d)(2).

The first petition for post-conviction relief remained pending until August 28, 2006, when the trial court summarily dismissed the proceedings. Petitioner then failed to seek appellate review of the dismissal. Because nothing was pending after the trial court's decision, the statute of limitations period began to run the next day. See Hemmerle, 495 F.3d at 1074 (statute of limitations was tolled until date on which notice of post-conviction relief was dismissed where no petition for review was filed). The limitations period continued running uninterrupted for one year, until August 28, 2007, when it expired.

Petitioner's second notice of post-conviction relief, which was filed on September 3, 2009, and dismissed on November 3, 2009, did not further toll the limitations period because it had already expired more than two years before the second notice was filed. See Ferguson,

1  321 F.3d at 823. Nothing was pending during that two-plus year period and thus the
2  limitations period was not tolled.

3  Petitioner filed the instant habeas petition in federal court on February 24, 2011,
4  approximately three and one-half years after the limitations period expired on August 28,
5  2007. The petition is therefore untimely.

6  Petitioner argues in his reply that he should be excused from filing an untimely habeas
7  petition, presumably asking the court to apply equitable tolling. He claims that from 2004
8  to 2010, he was housed in a "lock-up unit" in the Arizona Department of Corrections
9  (ADOC) that prohibited personal access to the law library. He contends that the paralegals
10 hired by ADOC to assist the inmates are allowed to do nothing more than show inmates how
11 to fill out a court form. Petitioner further argues that because he was in a "lock-up unit," he
12 had no access to other prisoners who could help him with his case. Petitioner claims that
13 with all these restrictions, he was denied the right of access to the courts.

14 Although Petitioner's custody status may have limited his ability to use the library and
15 communicate with other prisoners about his case, he concedes that he could request materials
16 to be delivered from the library and that paralegals were available to help him fill out the
17 required forms to initiate a case in federal court. The court therefore finds that Petitioner's
18 allegations do not satisfy the high standard required to apply equitable tolling. He simply has
19 not shown "(1) that he has been pursuing his rights diligently and (2) that some extraordinary
20 circumstances stood in his way" such that he was prevented from filing a timely habeas
21 petition. See Holland, 130 S.Ct. at 2560.

**C.    Conclusion**

For the foregoing reasons, the court finds that Petitioner's habeas petition is barred by the statute of limitations. The court will therefore recommend that the petition be dismissed.

**IT IS THEREFORE RECOMMENDED:**

That the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DISMISSED WITH PREJUDICE**;

**IT IS FURTHER RECOMMENDED**:

That a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED** because the dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have 14 days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. See, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have 14 days within which to file a response to the objections. Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgement entered pursuant to the Magistrate Judge's recommendation. See Fed. R. Civ. P. 72.

DATED this 1st day of December, 2011.

_____
Edward C. Voss
United States Magistrate Judge